Breitel, J. (dissenting).
I am constrained to dissent from the bizarre result achieved in this case.
These once much-married people with a growing daughter, the issue of their interrupted union covering almost a decade, are having applied to them a statute designed to permit recovery of engagement gifts made in contemplation of marriage. The words may fit, hut the picture portrayed does not. At the same time the analysis is justified as an extrapolation of legislative intent when it is obvious upon the most superficial examination that the Legislature could not and would not have ever intended the result now being adjudicated in this case (Matter of Astman v. Kelly, 2 N Y 2d 567, 572).
Moreover, to carry the analysis, the statutory language referring to “ sole consideration ” for the “ gift ” is distorted to elide so substantial a legal and economic consideration as an equally shared obligation on the purchase-money obligation and mortgage.
The analysis relies on a questionable nexus by the statement, without tongue in cheek, that the “ gift ” of a half-interest in the family dwelling was in sole consideration of a ceremonial remarriage after almost a decade of marriage, separation, child-hearing, and an on-again-off-again divorce.
The simple facts, recognized by the Appellate Division, are that these parties were a very-much married couple who were trying to work out their difficulties, albeit they unfortunately never succeeded. The “ gift” of the interest in the common dwelling was no more than a resumption of de facto marital relations, and, as the husband honestly testified, he wanted the home in both their names to impress his wife with his good faith in the reconstruction of their marriage. The property *90 disposition was no more a gift in sole consideration of an anticipated ceremonial marriage, than were the clothing, food, and whatever else the husband bought the wife during the two-year period while they cohabited and were not husband and wife de jure.
If there had been a proper gift, section 80-b of the Civil Rights Law would be, arguably, only literally applicable. The worst is that by eliminating any issue as to serious fault on the part of the husband, he is entitled to obtain full title to the family home even though he might have behaved like a cad, refused to validate the resumed marriage, and took up with another woman, the suggested cause for the inability of the parties to resolve their differences. For what it is worth, and I would agree that it is not worth much, each accuses the other of having refused to rem'arry. Since then the husband has married another woman, and the wife stands as divorced and sole. This last discussion simply emphasizes the ludicrousness of applying the statute to this case. Otherwise, I would quite agree with the opinion for the court that to introduce an issue of fault would reopen the courts to the scandalous litigations of another era which the Legislature wisely sought to eliminate.
In summary then, unless one assumes that this unlikely couple was [1] ‘ engaged ” to be married, and that there was a ‘ ‘ gift ’ ’ given in contemplation of marriage, there is no right of the donor to recover the gift. There was, to be sure, the exception at the common law for gifts between an engaged couple and the statute in question has the effect of removing the earlier statutory bar to actions to recover the gift. Absent these conditions, of course, a donor has no right to recover a gift completed by delivery.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Chief Judge Fuld and Judges Scileppi, Bergan and Gibson concur with Judge Jasen ; Judge Breitel dissents and votes to affirm in a separate opinion in which Judge Burke concurs.
Order reversed, without costs, and the judgment of the trial court reinstated.